IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FLORES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-145-JDK-JDL |
| JENNIFER SANDERS, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christopher Flores, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Plaintiff sued several Defendants in this case, including disciplinary hearing officer Lieutenant Shayna McArthur. Plaintiff alleges that McArthur violated his rights to substantive and procedural due process, equal protection, and the right to be heard at a meaningful time and in a meaningful manner. He also complains that McArthur made a false entry on a government form indicating that he had attended the disciplinary hearing when he did not.

On February 28, 2022, following a review of the pleadings, Judge Love issued a Report and Recommendation recommending that the Court dismiss Plaintiff's claims against Defendant McArthur. Docket No. 64. Judge Love determined that

1

Plaintiff did not state a due process claim with regard to the disciplinary hearing because Plaintiff did not show deprivation of a constitutionally protected liberty interest pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Concerning Plaintiff's equal protection claim, Judge Love concluded that Plaintiff did not allege membership in a suspect class who has been treated differently as a result of his membership in the class, and that he did not show intentional treatment which differed from others similarly situated without a rational basis. Judge Love determined that Plaintiff's property claim was barred under the *Hudson/Parratt* doctrine due to the availability of state remedies. Finally, Judge Love found that Plaintiff's claim concerning the allegedly false entry on the government form did not demonstrate a violation of a constitutionally protected liberty interest. Plaintiff filed objections. Docket No. 70.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff raises several objections. Plaintiff first argues that *Parratt/Hudson* does not apply because tort claims for conversion are not cognizable in state court. He also contends that the grievance procedure was "unavailable" because his

grievance was improperly rejected for excessive attachments. However, the Fifth Circuit has recently upheld dismissals of inmate property suits based upon the availability of state remedies. *Pearson v. William*, No. 20-40650, 2022 WL 39000 (5th Cir. Jan. 4, 2022); *Rickerson v. Rust*, No. 20-40208, 2021 WL 5871885 (5th Cir. Dec. 10, 2021); *Hernandez v. Cooper*, No. 20-40607, 2021 WL 5444742 (5th Cir. Nov. 19, 2021). Accordingly, this objection is without merit.

Plaintiff also contends that he adequately set out a "class of one" equal protection claim because inmates are entitled to attend their disciplinary hearings. Plaintiff argues that he was treated differently from others similarly situated when McArthur denied him the right to attend his hearing. Furthermore, Plaintiff avers that his allegations against McArthur indicate that the disparate treatment was intentional and had no rational basis. The Fifth Circuit, however, has rejected "class of one" equal protection claims where a prisoner does not identify any similarly situated prisoners or show that he was intentionally treated differently from any other prisoners absent a rational basis. *Bonner v. Alford*, 594 F.App'x 266 (5th Cir. 2015); *Robinson v. Ely*, 547 F.App'x 628 (5th Cir. 2013). Further, Plaintiff's allegations concerning arbitrary and capricious treatment are wholly conclusory and therefore insufficient to show an equal protection violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Class-of-one claims must be very carefully considered to avoid allowing virtually every prisoner claim to be transformed into such a claim by the simple expedient of arguing that the complained-of action represented intentionally different

3

treatment without a rational basis. *See, e.g., Jennings v. City of Stillwater*, 383 F.3d 1199, 1210-11 (10th Cir. 2004) (noting that "unless carefully circumscribed, the concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors. It is always possible for persons aggrieved by government action to allege, and almost always possible to produce evidence, that they were treated differently from others, with regard to everything from zoning to licensing to speeding to tax evaluation."). Plaintiff's conclusory allegations fall well short of the requirements for a class-of-one equal protection claim.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 64) as the opinion of the District Court. Plaintiff's claims against Defendant Shayna McArthur are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant McArthur is hereby **DISMISSED** as a party to the lawsuit. The dismissal of these claims shall have no effect upon the remaining claims and parties in the case.

So **ORDERED** and **SIGNED** this **6th** day of **April, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE