IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FLORES | § | |
| v. | § | CIVIL ACTION NO. 6:21cv145 |
| JENNIFER SANDERS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

      The Plaintiff Christopher Flores, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The defendants remaining in the case are Michael Unit classification chief Jennifer Sanders, Warden Richard Babcock, and Officers Lourens Jackson and Susan Cunningham.

      Flores' lawsuit complains that in September of 2020, Warden Babcock ordered Officer Jackson to lock Flores up for an investigation. Flores states that he was mis-classified as a mental health patient and committed to the TDCJ Mental Health Therapeutic Diversion Program without a hearing, where he remained for 54 days. He states that Warden Babcock ordered Jackson to put him in a filthy and unsanitary cell with no clothing and no mattress, sheets, blankets, towel, or cleaning supplies. Officer Cunningham deprived him of his personal property on October 2, 2020 by going outside her lawful authority to enforce TDCJ Administrative Directive 03.72 in an arbitrary and capricious manner, and on October 8, 2020, Sanders officially committed him to the Mental Health Therapeutic Program without a hearing.

The claims in Flores' lawsuit occurred at the Michael Unit of TDCJ-CID, in Tennessee Colony, Texas, and the defendants were located there at the time of the events in question. Flores is now confined at the Stiles Unit, in Beaumont, Texas.

Flores has filed a motion for a preliminary injunction concerning events at the Stiles Unit, complaining that prison officials there have threatened to confiscate his legal materials and to harm or kill him. In an attached declaration, he states that when he turned out for work in the education department on April 20, 2022, Officer McGee, the Security Threat Group officer, ordered him to get up against the wall and put his hands behind his back. McGee handcuffed him, took him in an officer, and threatened to lock him up because the education student advisor, Dr. Angela Thomas, told McGee that Flores has previously missed work and had not come back to work after lunch on one occasion, which Flores says is a "distortion of the facts." He tried to explain this to McGee, who would not listen. Instead, Flores states that McGee tried to lock him in a holding cell, but they were all full, so he took Flores into his office and threatened to lock him up and confiscate all of his property, including his legal materials, for 90 days for an investigation. McGee also threatened to move him from the dorms to 12 Building. After more threats, and comments from McGee to the effect that he, McGee, had been in the military, had killed people, and was "f***ed up in the head," Flores states that he changed the subject and was eventually taken back to the education department without further incident.

Flores states that he will "likely suffer irreparable injury if defendants are not restrained from (a) allowing their officers to physically harm plaintiff, and (b) from unlawfully confiscating his legal materials while this suit is pending."

The courts have held that a request for a preliminary injunction must be based on allegations related to the claims in the complaint. *See, e.g.*, Gill v. Neaves, 657 F.Supp. 1394, 1399 (W.D.Tex. 1987) (denying request for injunctive relief in part because the grounds alleged in the motion had nothing to do with the underlying cause of action); State v. United States Army Corps of Engineers, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief

2

requested in the complaint"); Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (affirming denial of request for preliminary injunction based on alleged retaliatory conduct unrelated to prisoner's § 1983 claim and explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); Stewart v. United States Immigration & Naturalization Service, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that district court lacked jurisdiction to issue preliminary injunction because movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"). Flores' request for injunctive relief is entirely unrelated to the allegations of his complaint, and may be denied on this basis.

In addition, Fed. R. Civ. P. 65(d) provides that an injunction is binding upon the parties to the action and the persons acting in privity with them. F.D.I.C. v. Faulkner, 991 F.2d 262, 267 and n.7 (5th Cir. 1993); Waffenschmidt v. MacKay, 763 F.2d 711, 717 (5th Cir. 1985). Flores offers nothing to suggest that any of the defendants in this lawsuit have any connection with or control over officers at the Stiles Unit, such that the defendants have authority to redress the allegedly threatened injuries. Where the defendants lack authority to redress the injuries, the plaintiff does not have standing to pursue injunctive relief. McCreary v. Richardson, 738 F.3d 651, 655 (5th Cir. 2013), *citing* Okpalobi v. Foster, 244 F.3d 405, 427 (5th Cir. 1991).

Nor has Flores shown that he is entitled to injunctive relief on the merits of his allegations. The prerequisites for a preliminary injunction or temporary restraining order are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the injunction will not dis-serve the public interest. Libertarian Party of Texas v. Fainter, 741 F.2d 728,

729 (5th Cir. 1984). Preliminary injunctive relief is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983). In this regard, the Fifth Circuit has held that conclusory allegations are not sufficient to show entitlement to injunctive relief. Lakedreams v. Taylor, 932 F.2d 1103, 1007 (5th Cir. 1991); *see also* Hancock v. Essential Resources, Inc., 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Furthermore, the injury in question must be imminent and cannot be speculative. Chacon v. Granata, 515 F.3d 922, 925 (5th Cir. 1975); *see* Winter v. Natural Resources Defense Council, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (requiring a showing that irreparable injury is "likely," not merely "possible.")

Flores has not shown a substantial likelihood of success on the merits of his claims, nor has he shown an imminent threat of irreparable injury. Instead, he merely says that he was threatened with harm and the confiscation of his property on one occasion, by persons not parties to the lawsuit or in privity with the parties to the lawsuit. This is not a sufficient basis to support the granting of a preliminary injunction. *See* Rimkus Consulting Group Inc. v. Cammarata, 255 F.R.D. 417, 433 (S.D.Tex. 2008), *quoting* Justin Inds., Inc. v. Choctaw Secs., L.P., 920 F.2d 262, 268 n.7 (5th Cir. 1990) (plaintiff seeking a preliminary injunction must show that the irreparable injury will occur during the pendency of the litigation unless the preliminary injunction issues).

Finally, Flores has not demonstrated his requested injunction will not disserve the public interest. Considerations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state agencies. The Supreme Court has stated that prison administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security. Block v. Rutherford, 468 U.S. 576, 584-85, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). Consequently, the Court has noted that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." Lewis v. Casey, 518 U.S. 343, 362, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), *citing* Bell v. Wolfish, 441 U.S. 520, 562, 99

S.Ct. 1861, 60 L.Ed.2d 447 (1979). Flores has not shown the type of extraordinary circumstances required to justify federal interference with the day-to-day operations of the state prison, particularly in light of the fact the Court must give "substantial weight" to any adverse impact on the operation of TDCJ-CID and must respect the principles of comity regarding state law. Consequently, Flores' request for injunctive relief cannot be granted.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for a preliminary injunction (docket no. 79) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 12th day of May, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE