IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FLORES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-145-JDK-JDL |
| JENNIFER SANDERS, et al., | § § § | |
| Defendants. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher Flores, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

There are three claims remaining in the case: (1) that Defendants Richard Babcock and Jennifers Sanders had Plaintiff involuntarily committed as a mental health patient without any type of hearing; (2) that Defendants Babcock, Sanders, and Lourens Jackson confined Plaintiff in a "filthy, unsanitary, dilapidated, roach-and-vermin infested cell, wearing no clothing, with no mattress, sheets, blankets, towel, basic elements of hygiene, or cleaning supplies whatsoever"; and (3) that Defendant Susan Cunningham wrongfully deprived Plaintiff of his personal property and did not allow him to possess commissary items for over sixty days without due

process. Before the Court is Defendants' summary judgment motion asserting that Plaintiff failed to exhaust administrative remedies. Docket No. 77.

On January 10, 2023, Judge Love issued a Report and Recommendation recommending that the Court grant summary judgment in favor of Defendant Cunningham and deny summary judgment as to the remaining claims. Docket No. 118. Plaintiff filed timely objections. Docket no. 122. Defendants did not object.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff argues that Judge Love misreads grievance number 2021029386. Docket No. 122 at 2–4. Plaintiff urges that while the grievance begins with procedural deficiencies related to a disciplinary hearing, it also complains of being found guilty of an offense with no supporting evidence, being improperly punished for acts he did not know were prohibited, and of Defendant Cunningham's arbitrary and capricious enforcement of Administrative Directive 03.72 against him to deprive him of his property. *Id.* at 3.

However, TDCJ officials returned grievance number 2021029386 to Plaintiff unprocessed due to excessive attachments. Docket No. 1-1 at 10–11. Thus, it cannot

serve to exhaust administrative remedies. *Robinson v. Wheeler*, 338 F. App'x 437, 438 (5th Cir. 2009). Further, Judge Love correctly determined that this grievance is an appeal of a disciplinary case and did not serve to place prison officials on notice of Plaintiff's complaint that his property was wrongly confiscated. *See* Docket No. 118 at 22. Plaintiff cannot raise multiple issues in a single grievance, as TDCJ policy requires that prisoners submit only one issue per grievance. If multiple issues are raised in a single grievance, officials typically address only one issue. *See, e.g.*, *Delgado v. Tex. Dep't of Corrs. Inst. Div.*, 2014 WL 174936, at *5 (E.D. Tex. Jan. 10, 2014) (citing *Randle v. Woods*, 299 F. App'x 466, 467 (5th Cir. 2008); *Richbourt v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008)).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 118) as the opinion of the District Court. The Court hereby **GRANTS** Defendants' summary judgment motion (Docket No. 77) as to Plaintiff's claims against Defendant Susan Cunningham and **DISMISSES** these claims without prejudice for failure to exhaust administrative remedies. Defendant Cunningham is dismissed as a party to this lawsuit. The Court **DENIES** Defendants' summary judgment motion as to all other claims. In accordance with the scheduling order in this case (Docket No. 65), the parties have thirty days from the date of entry of this order to file summary judgment motions on any issues other than exhaustion.

So **ORDERED** and **SIGNED** this **17th** day of **February, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE