IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FLORES | § | |
| v. | § | CIVIL ACTION NO. 6:21cv145 |
| JENNIFER SANDERS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff Christopher Flores, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The Defendants remaining in the case are TDCJ officials Richard Babcock, Jennifer Sanders, and Lourens Jackson; two other defendants, Officer Susan Cunningham and former TDCJ official Shayna McArthur, have previously been dismissed from the case.

**I. The Plaintiff's Complaint**

Plaintiff filed this lawsuit complaining of alleged deprivations of his constitutional rights. There are two claims remaining in the case: (1) that Defendants Richard Babcock and Jennifer Sanders had Plaintiff involuntarily committed as a mental health patient without any type of hearing, and (2) that Defendants Babcock, Sanders, and Lourens Jackson confined Plaintiff in a "filthy, unsanitary, dilapidated, roach and vermin infested cell, wearing no clothing, with no mattress, sheets, blankets, towel, basic elements of hygiene, or cleaning supplies whatsoever."

**II. The Plaintiff's Motion for Summary Judgment**

Plaintiff has filed a motion for summary judgment arguing that Babcock and Sanders assigned him to the TDCJ Mental Health Therapeutic Diversion Program without due process or any kind of hearing and that he was housed in that unsanitary cell from September 25 until November 17, 2020. The Defendants have also filed a motion for summary judgment, which will be addressed separately. Both parties have furnished summary judgment evidence in support of their positions.

Summary judgment is properly granted only when, viewing the evidence in the light most favorable to the non-moving party, the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Ellis v. Garza-Lopez, slip op. no. 23-10022, 2023 U.S. App. LEXIS 13305, 2023 WL 3723634 (5th Cir., May 30, 2023); Burleson v. Texas Department of Criminal Justice, 393 F.3d 577, 589 (5th Cir. 2004). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. Id., *citing* Allen v. Rapides Parish School Board, 204 F.3d 619, 621 (5th Cir. 2000). However, summary judgment disposition is inappropriate if the evidence before the Court, viewed as a whole, could lead to different factual findings and conclusions. Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

The summary judgment evidence offered by Plaintiff, viewed in the light most favorable to the non-movant, does not show that there are no disputed issues of fact or that he is entitled to judgment as a matter of law. As discussed in the Court's separate treatment of Defendants' motion for summary judgment, the confinement to restrictive housing or MHTDP did not implicate any constitutionally protected liberty interests and Plaintiff failed to show personal involvement by Babcock or Sanders in the alleged condition of his cell. The Court also concluded that disputed issues of fact remain as to the Defendant Officer Jackson, requiring further judicial proceedings on that claim. Plaintiff also failed to overcome the qualified immunity defense interposed by Babcock

and Sanders. Because Plaintiff has not met his initial summary judgment burden, his motion for summary judgment should be denied.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for summary judgment (docket no. 133) be denied. The denial of this motion should have no effect upon the Plaintiff's claim against Officer Jackson concerning the condition of his cell.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 11th day of January, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE