IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FLORES, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 6:21-cv-145-JDK-JDL |
| JENNIFER SANDERS, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christopher Flores, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Court has already dismissed all pending claims against Defendants Susan Cunningham and Shayna McArthur. Docket No. 123. Claims remain against Defendants Richard Babcock, Jennifer Sanders, and Lourens Jackson.

**I.**

Before the Court are the remaining Defendants' motion for summary judgment (Docket No. 131) and Plaintiff's motion for summary judgment (Docket No. 133).

On January 10, 2023, Judge Love issued a Report and Recommendation recommending that the Court grant Defendants' motion for summary judgment as to Defendants Babcock and Sanders, dismissing all claims against them, and deny the motion as to Plaintiff's claim against Defendant Jackson regarding leaving Plaintiff

1

in an unsanitary cell for an extended period. Docket No. 142. Defendant Jackson filed objections (Docket No. 144), as did Plaintiff (Docket No. 147).

On January 11, 2024, Judge Love issued a Report and Recommendation recommending that the Court deny Plaintiff's summary judgment motion. Docket No. 143. No objections have been filed as to that Report.

## II.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Where there are no objections, the Court reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

## III.

### A.

The Court begins with Defendant Jackson's objections.

Jackson first objects to Plaintiff's official-capacity claims for unspecified injunctive and declaratory relief as barred by the Eleventh Amendment, the Prison

Litigation Reform Act ("PLRA"), and Federal Rule of Civil Procedure 65(d). Docket No. 144 at 2–4. Plaintiff's claims all stem from alleged conduct at the TDCJ Michael Unit. *See* Docket No. 131 at 2–3. Plaintiff has since been transferred to the Stiles Unit. *Id.* at 5. Plaintiff's claims for declaratory and injunctive relief are therefore moot. *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Accordingly, the Court **DISMISSES** Plaintiff's claims for declaratory and injunctive relief.

Jackson next asserts that Plaintiff's declaration opposing Defendants' summary judgment motion "vastly expand[s] on the conclusory allegations in his Amended Complaint." Docket No. 144 at 5–7. Jackson therefore argues that the declaration should be construed as an improper motion to amend Plaintiff's complaint. Jackson further maintains that Plaintiff's allegations in the operative complaint (Docket No. 34) concerning the conditions of his cell are conclusory and lack the specificity needed to survive dismissal. *Id.* at 4–5.

The Court disagrees. Plaintiff's amended complaint asserts that Jackson "did knowingly place plaintiff into a filthy, unsanitary, dilapidated, roach and vermin-infested cell, wearing no clothing, with no mattress, sheets, blankets, towel, basic elements of hygiene or cleaning supplies whatsoever, in violation of plaintiff's well established Eighth Amendment right not to be housed in subhuman conditions of confinement." Docket No. 34 at 9. This claim—taken as true—is sufficient to state a potential Eighth Amendment violation. *See, e.g.*, *Fountain v. Rupert*, 819 F. App'x 218, 219 (5th Cir. 2020) (finding sparse allegations concerning unsanitary prison

3

allegations sufficient to state a claim). Further, Plaintiff's declaration does not add any new claims, but provides additional facts supporting the claim in the complaint—that is, that the cell was unsanitary and that Plaintiff was deprived of basic hygiene requirements. *See* Docket No. 139-12. Such a declaration is competent summary judgment evidence. *See, e.g.*, *Adams v. Davis*, 2022 WL 263287, at *3 (E.D. Tex. Jan. 6, 2022) (citing *Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003); *Hewitt v. Bradford*, 652 F. App'x 256, 258 (5th Cir. 2016); *Grogan v. Kumar*, 873 F.3d 273, 279 (5th Cir. 2017); *Cantwell v. Sterling*, 788 F.3d 507, 509 n.1 (5th Cir. 2015)).

Jackson next asserts that Plaintiff's allegations of deplorable cell conditions are directly contradicted by the evidence. Docket No. 144 at 8–9. Jackson cites evidence submitted with Defendants' summary judgment motion, including affidavits and cell inspection records. *Id.* But contested issues of fact on this issue remain when viewing the evidence in the light most favorable to Plaintiff. *See, e.g.*, *United Fire & Cas. Co. v. Hiscon Bros.*, 453 F.3d 283, 285 (5th Cir. 2006)). With his response, Plaintiff provides evidence disputing that he was given cleaning supplies and challenging the accuracy of the cell inspection reports. Docket No. 139 at 4–5. Specifically, Plaintiff provides detailed affidavits signed under penalty of perjury, which, again, are competent summary judgment evidence. *See, e.g.*, *Adams*, 2022 WL 263287, at *3 (citing *Hart*, 343 F.3d at 764 n.1; *Hewitt*, 652 F. App'x at 258; *Grogan*, 873 F.3d at 279; *Cantwell*, 788 F.3d at 509 n.1).

Finally, Jackson asserts qualified immunity. Docket No. 144 at 9–10. But as Judge Love explained, taking Plaintiff's pleadings and summary judgment evidence

4

as true, Plaintiff alleges that Jackson placed him in a cell that Jackson knew was unfit for human habitation—a violation of a clearly established constitutional right. Docket No. 142 at 30–31; *see also Taylor v. Riojas*, 592 U.S. 7, 9 (2020) (explaining that "any reasonable officer should have realized that Taylor's conditions of confinement offended the Constitution"). Thus, qualified immunity does not apply to this claim against Defendant Jackson.

With the exception of Jackson's arguments concerning equitable relief, the Court overrules Jackson's objections.

## B.

The Court turns to Plaintiff's objections to the granting of summary judgment in favor of Defendants Babcock and Sanders.

Plaintiff first complains that the Report improperly weighed evidence in favor of Defendants to determine that Plaintiff was never assigned to TDCJ's Mental Health Treatment Diversion Program ("MHTDP"). Docket No. 147 at 2–3. Not so. While the Report appears skeptical that Plaintiff was ever placed in MHTDP based on the limited evidence provided by Plaintiff, ultimately the Report finds that determination is not necessary. Docket No. 142 at 14–15. As the Report explains, regardless whether Plaintiff was ever placed in MHTDP, "Plaintiff has not shown that any such placement implicated any constitutionally protected liberty interests." *Id.* at 15. This objection is overruled.

Plaintiff next objects to the finding that any alleged assignment to MHTDP did not trigger a protected liberty interest. Docket No. 147 at 3–4. Plaintiff argues that the "horrific" conditions of his confinement while allegedly assigned to MHTDP were

5

"qualitatively different," and therefore unconstitutional. *Id.* The Court again disagrees. Plaintiff fails to address the Report's conclusion that Babcock and Sanders had no personal knowledge of or involvement with the conditions of Plaintiff's cell. Docket No. 142 at 8. Thus, even assuming that Plaintiff correctly asserts that his alleged assignment to MHTDP and the accompanying uninhabitable cell is a constitutional violation, the Court finds that he has failed to show that Defendants Babcock or Sanders can be held liable for that violation. *See Taylor v. Williams*, 715 F. App'x 332, 337 (5th Cir. 2017) (affirming dismissal of conditions-of-confinement claim where the plaintiff failed to show that the defendants plausibly had subjective knowledge of the alleged conditions). This objection is overruled.

Plaintiff next objects to the Magistrate Judge's determination that his equal protection claim is conclusory. Docket No. 147 at 5–9. Although the Report explained that Plaintiff failed to show personal knowledge that other inmates were treated differently, Plaintiff argues that the Magistrate Judge should have "inferred" personal knowledge from the fact that Plaintiff knew, lived with, and worked with these other inmates while confined at the Michael Unit.

Summary judgment affidavits need not use "magic words" to indicate personal knowledge; instead, district courts may rely on affidavits where an affiant's personal knowledge and competence to testify are reasonably inferred from his position and the nature of his participation in the events to which he swore. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). Here, however, Plaintiff's assertion that he had personal knowledge of events involving other inmates because he lived and

6

worked with them fails.  Rather, any information Plaintiff has regarding these events would necessarily have been obtained through hearsay.  *See, e.g., United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 508 (5th Cir. 2008) (rejecting affidavits containing hearsay as inadmissible).  This objection is overruled.

Next, Plaintiff objects to the Magistrate Judge's conclusion that Sanders and Babcock lacked personal involvement with the conditions of his cell.  Docket No. 147 at 9–17.  He cites numerous I-60 requests, his verbal complaints to numerous officials asking to speak to Sanders, letters he sent to supervisory officials, and his sister's affidavit stating that she had spoken to Sanders and other prison employees.  Plaintiff contends that the Magistrate Judge "made credibility determinations" in concluding that Sanders and Babcock lacked personal knowledge.

But a prison official's mere receipt of a complaint does not show personal involvement in a constitutional deprivation.  *Whitlock v. Merchant*, 2015 WL 5909776, at *2 (E.D. Tex. Sept. 21, 2015) (mere receipt of grievances does not show personal involvement in a constitutional deprivation) (citing *Cervantes v. Sanders*, 1998 WL 401628 (N.D. Tex. July 13, 1998) and *Amir-Sharif v. Valdez*, 2007 WL 1791266 (N.D. Tex. June 6, 2007)).  While Plaintiff argues that his sister spoke to Sanders and Warden Babcock's secretary, these conversations do not show that Sanders or Babcock had personal knowledge of Plaintiff's situation.  Nor do Plaintiff's letters, I-60 request forms, or discussions with other officials.

Plaintiff also argues that Warden Babcock regularly inspected 12 Building, which would provide Babcock personal knowledge.  Docket No. 147 at 11.  But as the

7

Magistrate Judge observed, Plaintiff's declaration stated that "proof of this can be found in the visitor's sign-in log book at the front of 12 Building." Docket No. 142 at 23. And as the Report explains, Plaintiff did not furnish a copy of this log book, explain how he knows its contents, or assert that he had personal knowledge of Babcock actually inspecting or visiting 12 Building. *Id.* at 23–24.

Plaintiff further contends that while TDCJ promulgated policies and procedures encouraging sanitation during the Covid-19 pandemic, including the cleaning and sanitizing of all housing areas, Babcock ordered a lockdown on September 18, 2020, which barred inmate workers, including the janitors in 12 Building, from performing these cleanings. Docket No. 147 at 13–17. He argues that his cell was previously occupied by a mentally ill inmate and that such inmates are "well-known for living in some of the most gruesome and despicable conditions ever imagined." *Id.* at 15. From this, Plaintiff reasons that Babcock must have known that Plaintiff's cell was necessarily uninhabitable. But this reasoning is insufficient to show that Babcock had personal knowledge of the conditions of Plaintiff's cell or that the single incident of ordering a lockdown comprises a "policy" sufficient to impute liability to Babcock. *See Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (to show liability through policy based upon a single incident, there must be a showing that a constitutional violation was a "highly predictable consequence" of a particular policy). This objection is overruled.

Finally, Plaintiff objects that the Magistrate Judge improperly weighed and ignored evidence as to the alleged confiscation of his property. Docket No. 147

8

at 17–20. Specifically, Plaintiff focuses on evidence concerning an October 25, 2020 disciplinary hearing that Plaintiff alleges he was not allowed to attend, thus depriving him of due process. But on this issue, Plaintiff ignores the Report's conclusion that the alleged taking of Plaintiff's property when he was assigned to restrictive housing and its later return does not constitute a constitutional violation. Docket No. 142 at 26–27 (citing *Quaak v. Yeager*, 2012 WL 950183 (S.D. Tex. Mar. 19, 2012)). Plaintiff's objection concerning the October 25 disciplinary hearing is therefore not relevant. This objection is overruled.

## IV.

The Court has conducted a careful de novo review of the record in this case, the Magistrate Judge's Report on Defendants' motion for summary judgment (Docket No. 142), and the relevant objections and has determined that the Report is correct. As explained above, the Court therefore **OVERRULES** all objections to the Report (Docket Nos. 144, 147).

Based on a review of the Magistrate Judge's Report on Plaintiff's motion for summary judgment (Docket No. 143), the Court finds no clear error or abuse of discretion and no conclusions contrary to law.

Accordingly, the Court **ADOPTS** the Reports of the Magistrate Judge (Docket Nos. 142, 143) as the opinion of the District Court. Defendants' motion for summary judgment (Docket No. 131) is **GRANTED** as to Plaintiff's claims against Defendants Richard Babcock and Jennifer Sanders and Plaintiff's claims for declaratory and injunctive relief against all remaining Defendants and **DENIED** as to Plaintiff's

9

claim concerning placement in an unsanitary cell against Defendant Lourens Jackson. Plaintiff's motion for summary judgment (Docket No. 133) is **DENIED**.

Defendants Richard Babcock and Jennifer Sanders are **DISMISSED** as parties to this case.

So **ORDERED** and **SIGNED** this **20th** day of **March, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE